White, .T.
This case presents the single legal question: whether, upon the true construction of the mortgage note sued on, the one thousand dollars, therein mentioned, is to be regarded as a penalty. If that be its character, the judgment of the superior court should be affirmed; otherwise, it should be reversed.
This is not the case of an agreement for the composition of a subsisting, independent indebtedness. The instrument in question creates the only debt on which the plaintiff relies for a recovery. Nor can the claim, made by plaintiff’s counsel be supported, that the stipulation, for the discharge of the obligation by the punctual payment of eight hundred dollars in installments, is a privilege given to the payer, and inserted for his exclusive benefit. This claim is based on the assumption that the thousand dollars was the sole consideration for the lot, and, consequently, is the amount of the actual debt. But it is .as fair to presume, that the omission of the stipulation in regard to the eight hundred dollars would have defeated the sale, as that the insertion of the thousand dollars secured it.
The transaction was the sale of the lot; and the instrument in question contains the terms upon which it was made. All the stipulations on the part of Ricords, are supported by the same identical consideration. It is not to be presumed that the sale would have been concluded, had any of the terms actually agreed to, been omitted; and, as the terms of the sale were satisfactory to the parties, the presumption is that they were acquiesced in, not as a special favor to either, but for the mutual benefit of both.
Nor, in our view, does the order in which the sums are stated change their character, or the legal effect of the instrument; for, whether the amount to be paid is to be reduced upon compliance with the terms of payment, or to be increased *376 on a default, is only a different mode of expressing the same thing.
All that the plaintiff, at the time of making the contract, had a right to expect, was the payment of eight hundred dollars with the interest, in the installments and at the times stipulated. These payments Ricords had promised to make punctually. A default occurred; and, in such a contract, ip our opinion, interest is to be regarded as a compensation for the injury caused by the delay. All beyond must be regarded either as penalty or liquidated damages; but under neither form, can the plaintiff be allowed to recover more than what the law deems adequate compensation for the breach.
It is to be noted, that the only evidence of the terms of sale, is what appears from the instrument itself. There is nothing to show that the contract for the purchase of the lot was originally made, in fact, at a thousand dollars ; and that the remission of the contract price, to eight hundred dollars,was the gratuitous act of the vendor. If the abatement stood on this footing, it would devolve on the party seeking its benefit, to show that he had complied with the conditions upon which it was offered.
The payment of the. first annual installment of interest, and the receipt given therefor, by the plaintiffs’ testator, show that, at that time, the parties gave the foregoing construction to the note, and regarded the eight hundred dollars as the principal debt. In this receipt, the year’s interest, due July 24,4841, is stated to be $48.00 — being the interest on $800.00, for one year, at six per cent.
The numerous installments provided for, differed materially in importance. The first was a year’s interest on the principal ; the next was a like sum with one ninth of the principal; and, from that time forward, the payments would diminish — the last one consisting of one ninth of the principal, and the interest thereon for the last preceding year. Upon the terms of the instrument, the consequence of a default in either, would be to increase the liability of the debtor, in a sum equal to two hundred dollars and the interest thereon, for the ten *377 years the note was to run. This would be so manifestly unreasonable, that we can regard the thousand dollars only in the light of a penalty, inserted and meant to be held in terrorem, for the purpose of stimulating the debtor to promptitude in payment.
The judgment will be affirmed.
Brinkerhoff, C J., and Scott, Day and Welch, JJ., concurred.